Battle, J.
The trusts created by this will of the plaintiff’s testatrix, are manifestly such as are called executory, in con *137 tradistinction to trusts executed. The difference between them is, that the first merely declares a general plan or outline, to be carried out in detail, by the trustee, according to the apparent intention of the creator of the trust; while the second is a final and complete declaration, by the person raising the trust, of what it is, and leaving nothing to be done by the trustee to define and settle it. The first is construed more liberally, and less subject to the legal signification of technical terms than the other, as will be abundantly seen in Eearne azid all the other elementary writers who discuss and explain the celebrated rule in Shelly’s case. Here the testatrix states in express terms, that her purpose,-in raising the trust, is to provide a fund for the sole use and benefit of her married daughters and their children. ■ That purpose is a proper one, and can be made effectual only by giving estates for the sole and separate use of the daughters respectively for life, with remainder for their children. This will of course embrace all the children, which the daughters may have during their lives. It follows as a necessary consequence -that the husbands are not entitled ‘ to the principal of the fund, and that the trustee acted right in -paying^ the interest, only, to the wives. A decree may be drawn in accordance, with this opinion.
Per Curiam. ^ ' . Decree accordingly.